UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NAYO WILLIAMS,

                Plaintiff,

v.

CITY OF NEWBURGH, SERGEANT
WEAVER, P.O. SICKLER, and P.O.
MUGNANO,

                Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

16 CV 1146 (VB)

Briccetti, J.:

    Plaintiff, who is proceeding pro se and in forma pauperis, brings this Section 1983 claim against the City of Newburgh[1] (the "City"), as well as Sergeant Weaver and Officers Sickler and Mugnano of the City's police department. Plaintiff alleges he was illegally stopped, searched, arrested, and strip searched.

    For reasons unknown to the Court, only the City has appeared and responded to the complaint.

    Now pending is the City's motion to dismiss the complaint for failure to state a claim. (Doc. #12). Plaintiff has failed to oppose the motion, despite the Court granting him an extension to do so. (Doc. #22). Therefore, the Court has deemed the motion fully submitted and unopposed. (Doc. #27).

    For the reasons set forth below, the City's motion is GRANTED and plaintiff's claims against the City are dismissed.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] By order dated March 24, 2016 (Doc. #8), the Court dismissed the Newburgh Police Department because it is not a suable entity.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

On the afternoon of November 11, 2015, Sgt. Weaver and Officers Sickler and Mugnano approached plaintiff and his girlfriend on the street, grabbed plaintiff, and began to question him about a person plaintiff claims not to have known. When plaintiff responded that he did not know this person, defendants allegedly forced plaintiff to the ground and searched him while calling him names and racial slurs. Defendants recovered a "weed clip" from the ground and arrested plaintiff. (Compl. at 3).

At the police station, two of the defendants (it is unspecified which ones) handcuffed plaintiff to a bench for about twenty minutes, and then brought plaintiff into the locker room and ordered him to strip. Plaintiff claims one of the defendants kicked him from behind, grabbed him by the collar, and "rough[ed him] up," after which plaintiff undressed fully. (Compl. at 3). Plaintiff claims the defendants subjected him to a visual and manual body cavity search.

## DISCUSSION

I.     Legal Standards

   A.     Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

Failure to oppose a motion to dismiss "does not, by itself, require the dismissal of [plaintiff's] claims." Kucharczyk v. Westchester Cty., 95 F. Supp. 3d 529, 536 (S.D.N.Y. 2015) (internal quotations omitted). Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).

...

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

Failure to oppose a motion to dismiss "does not, by itself, require the dismissal of [plaintiff's] claims." Kucharczyk v. Westchester Cty., 95 F. Supp. 3d 529, 536 (S.D.N.Y. 2015) (internal quotations omitted). Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).

B.  Municipal Liability

A municipality may be liable for deprivation of constitutional rights under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  A municipality may also be liable for inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.  See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989).

II.  Plaintiff's Claims against the City

Plaintiff fails to state a claim pursuant to Monell v. Department of Social Services against the City for any of his alleged constitutional violations.

After listing the City as a defendant, the complaint never mentions the City again. Plaintiff points to no policy or custom of the City or its police department that in any way caused his constitutional rights to be violated on November 11, 2015.  Instead, the entirety of plaintiff's allegations concern the actions of the three individual defendants.

Accordingly, all claims against the City are dismissed.

III.  Individual Defendants

Defendants Weaver, Mugnano, and Sickler appear to have been served, but have not appeared.  (Docs. ## 20, 23, 24).  If so, they are in default.  In the Court's experience, counsel for a municipality typically represents its employees as well.  Here, however, counsel for the City has not appeared on behalf of the three individual defendants.

Accordingly, by August 8, 2016, counsel for the City shall advise the Court by letter whether he is representing Weaver, Mugnano, and Sickler in this action, and why, to his knowledge, none has yet appeared in this case.

## CONCLUSION

Defendant the City of Newburgh's motion to dismiss is GRANTED.

Defense counsel shall write a letter to the Court as set forth above by August 8, 2016.

The Clerk is directed to terminate the City of Newburgh as a defendant and terminate the motion.  (Doc. #12).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: August 1, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge